UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE HURT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ALL SWEEPSTAKES CONTESTS, *et al.*,<br><br>　　　　Defendant.<br>_____/ | No. C-12-4187 EMC<br><br>**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*; DISMISSING COMPLAINT; AND ORDER TO SHOW CAUSE** |

　　　　Plaintiff Tyrone Hurt has filed a complaint against "All Sweepstakes Contests, et al., and it's affiliates." Plaintiff alleges that Defendants run "erroneous" sweepstakes contests that target African American communities and that violate the Eighth Amendment to the Constitution. Plaintiff has also filed with the Court an application to proceed *in forma pauperis*.

## I.　DISCUSSION

A.　*In Forma Pauperis* Application

　　　　When presented with an application to proceed *in forma pauperis*, a court must first determine if the applicant satisfies the economic eligibility requirement of 28 U.S.C. § 1915(a). *See Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984). Section 1915(a) does not require an applicant to demonstrate absolute destitution. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).

　　　　In his financial affidavit, Plaintiff states that, he is currently unemployed and that he is not currently receiving any money from any federal or state welfare programs, social security or other

government source. He states that at his last job, he made $698 per month, though the date he gives for when this job ended is illegible. He does not own a home or car, have a bank account or any other assets. Given this information, Plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

B.  Allegations in Complaint

Title 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if the court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The determination of whether the litigant has stated a claim is decided under the same standard used in Rule 12(b)(6) motions to dismiss. *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). In considering such a motion, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party, although "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp v. Twombly*, 550 U.S. 544, 556 (2007). "The plausibility standard is not akin to a 'probability *requirement,' but it asks for more than sheer possibility that a defendant acted unlawfully." Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).

The Court notes that "*pro se* pleadings are liberally construed, particularly where civil rights claims are involved." *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990). A court may dismiss as frivolous, however, claims that are clearly baseless, fanciful, fantastic, or delusional. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992).

///

///

1    Plaintiff brings suit under 42 U.S.C. § 1983, alleging that Defendants have violated his rights under the Eighth Amendment. The factual allegations set out by Plaintiff in his complaint, in their entirety, are as follows:

> The Plaintiff respectfully states that said defendants, et al., are running and consistently running erroneous sweepstakes contests, primarily placed upon African Americans, which is in violation of the Eighth (8th) Amendment right to the U.S. Constitution, (1608-) and in violation of "we the people of the U.S." (1608-).

Compl. at 2. Plaintiff's complaint is factually and legally deficient in several ways. First, the group of defendants he identifies, "All Sweepstakes Contests, et al., and their affiliates," is vague and sweeping; he provides no information on the specific contests and affiliates that he wishes to sue. Second, § 1983 provides a cause of action only against individuals acting "under color of" law. Given the vagueness about the identity of the defendants, there is no indication as to whether any of them are state actors, or could in some other sense be considered to be acting under color of law. Third, even if Plaintiff had identified proper defendants for a § 1983 claim, he alleges no facts indicating that there has been an Eighth Amendment violation. The Eighth Amendment forbids "excessive bail," "excessive fines," and "cruel and unusual punishment." Plaintiff alleges only that the defendants are running "erroneous sweepstakes contests" that target African Americans. He alleges no individual harm from these contests, and offers no further facts to show how these contests constitute violate the Eighth Amendment. These factual allegations are insufficient to support a § 1983 claim for a violation of Plaintiff's Eighth Amendment rights. In sum, for several reasons, Plaintiff has failed to allege any claim with "facial plausibility" as required by *Iqbal*.

   In his complaint, Plaintiff repeatedly cites to the *Haines v. Kerner*, 404 U.S. 519 (1972). In that case, the Supreme Court found that a district court had improperly dismissed a prisoner's § 1983 suit for failure to state a claim. *Id.* at 521. There, the prisoner had alleged that he had suffered various health problems after prison officials had placed him in solitary confinement for assaulting another prisoner. *Id.* at 520. The prisoner alleged that in solitary confinement, he had been forced to sleep on the floor of his cell with nothing but blankets. *Id.* He also alleged a lack of due process in the prison's process for putting him in solitary confinement. *Id.* The Court held that the plaintiff's allegations were sufficient to survive a motion to dismiss. *Id.* at 520-21. Given the less

stringent pleading standards for pro se parties, the Court found that it was not possible to "say with assurance that . . . [it was] "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 520-21 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

This case is unhelpful to Plaintiff for two reasons. First, it is factually distinguishable. The complaint in *Haines* offered significantly more detail, and identified the defendants with specificity which Plaintiff has failed to do. Second, the standard quoted in *Haines* for deciding motions to dismiss is no longer the applicable law. *Conley*, the case the Court cited as governing motions to dismiss, has been superseded by the more stringent pleading standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Given the profound factual and legal deficiencies in the complaint, it does not appear that Plaintiff could allege any set of facts that would entitle him to relief. Since "it is obvious that [Plaintiff] cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend," the Court dismisses the case with prejudice. *Lopez v. Smith*, 203 F.3d 1122, 1128 (9th Cir. 2000).

C.  Vexatious Litigant

When a litigant has filed numerous harassing or frivolous lawsuits, courts have the power to declare him a vexatious litigant and enter an order requiring that any future complaints be subject to an initial review before they are filed. District courts have the power to enter pre-filing orders against vexatious litigants under the All Writs Act. 28 U.S.C. § 1651(a); *see Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). The Ninth Circuit has cautioned, however, that "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts." *Id.* Nevertheless, such pre-filing orders are sometimes appropriate because "[f]lagrant abuse of the judicial process . . . enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

In *De Long*, the Ninth Circuit set out the requirements for entering pre-filing orders against vexatious litigants.

1. The litigant must be given notice an opportunity to be heard before the order is entered.

2. The court must compile an adequate record for review, including a list of all filings and motions leading to the conclusion that an individual is a vexatious litigant.

3. The court must make substantive findings that the litigant's filings are frivolous or harassing.

4. The pre-filing order may not be overly broad, and must be "narrowly tailored to closely fit the specific vice encountered."

*DeLong*, 912 F.2d at 1147-48.

In the past year, Plaintiff has filed 18 lawsuits in this district, including this case. Of these, fourteen have been dismissed for failure to state a claim; nine have been dismissed with prejudice. As shown in the attached table, many of the defendants in these suits are duplicative, and many are against federal, state, or local government entities. The complaints often fail to allege any specific injury to Plaintiff, and are based on specious legal arguments. For example, he brings suit against former President George W. Bush for an unspecified illegal and unconstitutional war, *Hurt v. Bush*, 3:12-cv-04185-WHA, seeks to have the George Zimmerman permanently exiled from the United States for killing Trayvon Martin, *Hurt v. Zimmerman*, 3:12-cv-03139-MMC, and claims that all governors, mayors and the Washington, D.C. police force are illegitimate because they are not mentioned in the Constitution. *Hurt v. American Governors*, 3:12-cv-03052-EMC; *Hurt v. City of Washington*, 4:12-cv-04737-YGR.

Pursuant to the first *DeLong* requirement, Plaintiff is hereby **ORDERED** to show cause why he should not be declared a vexatious litigant and have a pre-filing order entered against him.

For Plaintiff's benefit, the Court directs his attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants. Mr. Hurt may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-9000 extension 8657, for free legal advice regarding his claims and this order to show cause.

///

///

## II. <u>CONCLUSION</u>

Plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and his § 1983 claim is hereby **DISMISSED** with prejudice. Further, he is hereby **ORDERED** to show cause why he should not be declared a vexatious litigant; Plaintiff is directed to file his response to the order to show cause by **November 19, 2012**.

This order disposes of Docket No. 2.

IT IS SO ORDERED.

Dated: October 18, 2012

_____
EDWARD M. CHEN
United States District Judge