UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TYRONE HURT,

        Plaintiff,

    v.

ALL SWEEPSTAKES CONTESTS,

        Defendant.

_____/

No. C-12-4187 EMC

**ORDER DECLARING PLAINTIFF A VEXATIOUS LITIGANT**

On August 9, 2012, Plaintiff Tyrone Hurt filed a complaint against "All Sweepstakes Contests, et al., and it's affiliates." The complaint alleged that Defendants run "erroneous" sweepstakes contests that target African American communities and that violate the Eighth Amendment to the Constitution. On October 18, 2012, this Court dismissed the complaint with prejudice, finding that it contained "profound factual and legal deficiencies." Docket No. 10 at 4. At the same time, this Court noted the numerous lawsuits of dubious merit that Plaintiff has filed in the Northern District of California over the last year, and ordered Plaintiff to show cause why he should not be declared a vexatious litigant. Plaintiff filed a response on November 19, 2012.

## I.    FACTUAL & PROCEDURAL BACKGROUND

In the past year, Plaintiff has filed twenty-one lawsuits in this district, including this case. Of these, fifteen have been dismissed for failure to state a claim; ten have been dismissed with prejudice. Other than this case, the cases that have been dismissed for failure to state a claim are:

1. *Hurt v. United States of America*, 3:12-cv-01995-EDL: this suit, filed March 20, 2012, sought the "repeal of all attempts to legalize 'same-sex' marriage" as against the "humanitarian order." The complaint was dismissed with leave to amend on May 24, 2012 as it contained no allegations suggesting that Plaintiff had standing to bring the action, or that the action was timely. The case was later dismissed with prejudice when Plaintiff failed to file a timely amended complaint. Docket No. 14 (November 21, 2012).

2. *Hurt v. State of California et al,* 3:12-cv-01604-JCS: this suit, filed March 29, 2012, alleged various constitutional violations in the O.J. Simpson trial. The complaint was dismissed with leave to amend on April 17, 2012 as Plaintiff offered "no allegations suggesting that he has standing to bring a civil rights action on the basis of such conduct; nor does he include allegations showing that an action based on the alleged conduct is timely." Docket No. 5. The case was dismissed with prejudice when the first amended complaint failed to remedy these deficiencies. Docket No. 7 (May 30, 2012).

3. *Hurt v. 50 States and the City of Washington et al*, 3:12-cv-02728-WHA: this suit, filed May 25, 2012, was dismissed on July 9, 2012 as the Plaintiff's handwritten complaint was largely illegible and the court was thus unable to discern any cognizable legal claims. Docket No. 11. The Plaintiff then filed an appeal, which was dismissed as untimely. The district court has given Plaintiff until January 2, 2013 to file an amended complaint. Docket No. 22.

4. *Hurt v. D.C. Metropolitan Police Department*, 3:12-cv-02943-EDL: this case, filed June 6, 2012, concerns allegations that Presidents Nixon and Clinton violated the Constitution in certain incidents involving the Vietnam war and later events in China. The court dismissed the complaint with leave to amend on June 21, 2012, finding that Plaintiff "offers no allegations suggesting that this is the proper venue for this action, that he has standing to bring this action, or that the action is timely." Docket No. 6.

Plaintiff appealed, and the Ninth Circuit dismissed the appeal for lack of jurisdiction on October 2, 2012, as the district court's order was not final. Docket No. 10.

5. *Hurt v. American Governors*, 3:12-cv-03052-EMC: this case, filed June 14, 2012, claimed that all governors and mayors and the Washington, D.C. police force are illegitimate because they are not mentioned in the U.S. Constitution and should be eliminated. The court dismissed the complaint with prejudice on August 28, 2012, finding that allowing Plaintiff to amend his complaint would be "futile." Docket No. 10.

6. *Hurt v. Zimmerman*, 3:12-cv-03139-MMC: this case, filed June 15, 2012, sought to have George Zimmerman permanently exiled from the United States for killing Trayvon Martin. The court dismissed this case with prejudice on July 5, 2012 as Plaintiff "fail[ed] to allege a cognizable basis for his claim, and no such basis is apparent from the allegations." Docket No. 10. Plaintiff appealed the dismissal, and the court revoked his *in forma pauperis* status on appeal, finding that the appeal with frivolous. Docket Nos. 16, 18. The appeal is still pending.

7. *Hurt v. The White Aryon Resistance of the State of California, the KKK*, 4:12-cv-03141-SBA: this case, filed June 15, 2012, alleged violations of the Eighth Amendment, and sought to have the Ku Klux Klan permanently exiled from the United States for its history of lynching and human rights violations. On September 4, 2012, the court dismissed the complaint with leave to amend, finding that the "allegations in the complaint [were] vague and largely incomprehensible," and that Plaintiff had failed to allege that his rights had been violated by a federal actor or person acting under color of state law. Docket No. 14. Plaintiff appealed this order, and the appeal was dismissed for lack of jurisdiction. Docket No. 19. Plaintiff then filed an amended complaint, which the court dismissed with prejudice because it failed to correct the deficiencies identified in the court's previous order. Docket No. 27.

3

8. *Hurt v. United States Of America*, 3:12-cv-03140-JSW: this case, filed June 15, 2012, appears to allege that it is a violation of the twenty-third amendment to deny statehood to the District of Columbia. The court dismissed this claim with leave to amend on August 2, 2012, finding that it was "impossible to discern from Plaintiff's complaint many of the essential details of the events giving rise to a claim." Docket No. 8. Plaintiff failed to file a timely amended complaint, though the case has not yet been dismissed.

9. *Hurt v. United States Of America*, 4:12-cv-03142-PJH: this case, filed June 15, 2012, alleged that same-sex marriage violates the Eighth Amendment to the U.S. Constitution. On July 6, 2012, the court dismissed the complaint because "plaintiff alleges no clear facts in support of his complaint, states no legitimate basis for the court's subject matter jurisdiction, and does not identify any recognizable causes of action." Docket No. 9. Plaintiff failed to file an amended complaint, and on August 3, 2012, the case was dismissed with prejudice for failure to prosecute. Docket No. 10.

10. *Hurt v. United States of America*, 4:12-cv-03240-PJH: this case, filed June 22, 2012, also alleged that same-sex marriage violates the Eighth Amendment. On June 28, 2012, the court dismissed the case for failure to state a cognizable claim. Docket No. 4. Plaintiff failed to file an amended complaint, and on August 3, 2012, the case was dismissed with prejudice for failure to prosecute. Docket No. 5.

11. *Hurt v. United States of America*, 4:12-cv-04096-PJH: this case, filed August 2, 2012, alleged violations of the Eighth Amendment by "captors of Africans." The court dismissed the complaint with leave to amend on August 23, 2012, finding that the complaint was frivolous. Docket No. 8. Plaintiff appealed this order to the Ninth Circuit, where it was dismissed for lack of jurisdiction. Docket No. 15. The district court then extended Plaintiff's deadline to file an amended complaint, which he did on November 26, 2012. Docket Nos. 17, 18. Though the court has not yet ruled on the issue, it does not appear that this amended complaint states a viable claim.

4

12. *Hurt v. United States of America*, 3:12-cv-04186-WHA: in this case, filed August 9, 2012, Plaintiff brought a variety of unrelated claims, alleging attempts to disenfranchise eligible voters using Jim Crow laws; the unconstitutionality of the death penalty in general and the execution of Troy Davis in particular; the constitutional right of children of "legitimate pregnancy" to proper feeding to avoid childhood obesity; that HIV and AIDS should be eliminated "in the name of human rights"; and that school re-segregation violated "world order."  The court dismissed the complaint with prejudice on October 2, 2012, finding that it frivolous and that Plaintiff had not alleged a single cognizable claim.  Docket No. 8.  Plaintiff appealed the dismissal, and his *in forma pauperis* status was revoked on appeal, as the court found the appeal to be frivolous.  Docket No. 13.  The appeal is still pending.

13. *Hurt v. Bush*, 3:12-cv-04185-WHA: this suit, filed August 9, 2012, is brought against former President George W. Bush for an unspecified illegal and unconstitutional war.  The court dismissed this action with prejudice on September 5, 2012, finding that the complaint "fail[ed] to state a claim with a basis in law or fact" in part because former presidents are entitled to absolute immunity from damages liability predicated on official acts.  Docket No. 8.

14. *Hurt v. Corporation Council Office et al*, 4:12-cv-04737-YGR: this case, filed September 11, 2012, alleged that the Washington, D.C. police department should be eliminated because it was not mentioned in the U.S. Constitution.  On September 21, 2012, the court dismissed the case with prejudice, finding that Plaintiff had failed to state a claim and that giving him leave to amend would be futile.  Docket No. 4.  Plaintiff appealed the dismissal, but the appeal was dismissed for failure to pay docket fees.  Docket No. 9.

Additionally, Plaintiff has filed five suits in the past five months that have not yet been dismissed, but appear to suffer from many of the same defects as the cases above.

1. *Hurt v. The United Klans*, 4:12-cv-04097-SBA: this case, filed August 2, 2012, alleged violations of the Eighth Amendment and sought to permanently exile the Ku

Klux Klan from the United States for the bombing of Birmingham, Alabama's Sixteenth Street Baptist Church in 1963. Plaintiff has filed a motion to proceed *in forma pauperis* that is currently pending; the court has not yet ruled on any motions in this case.

2. *Hurt v. United States Of America*, 3:12-cv-04188-SI : this case, filed August 9, 2012, seeks ten trillion dollars in punitive and monetary damages against the United States and other unnamed defendants for the historical pattern of lynching, murder, and violence against African American communities. Plaintiff has filed a motion to proceed *in forma pauperis* that is currently pending; the court has not yet ruled on any motions in this case.

3. *Hurt v. Shell Oil*, 3:12-cv-05058-JSW: this case, filed September 27, 2012, "seeks the elimination and abolishment of Shell Oil" because of the company's plans to drill in the Gulf of Mexico using unsafe drilling technology. Plaintiff has filed a motion to proceed *in forma pauperis* that is currently pending; the court has not yet ruled on any motions in this case.

4. *Hurt v. D.C. Metropolitan Police Department*, 3:12-cv-06521-JSC: this case, filed December 21, 2012, alleges that the Washington, D.C. police department has violated various provisions of the U.S. Constitution, but provides no detail as to the facts of any particular instance where such a violation occurred. Plaintiff has filed a motion to proceed *in forma pauperis* that is currently pending; the court has not yet ruled on any motions in this case.

5. *Hurt v. Goldberg et al*, 3:12-cv-06522-NC : this case, filed December 21, 2012, seeks the removal of the defendant, a district court judge from the Eastern District of Pennsylvania, because the defendant is allegedly "unable to interpret the U.S. Constitution." Plaintiff has filed a motion to proceed *in forma pauperis* that is currently pending; the court has not yet ruled on any motions in this case.

Finally, on September 27, 2012, Plaintiff filed *Hurt v. Unit 32*, 3:12-cv-05057-SI, concerning real property located in Washington, D.C. On October 24, 2012, the court sua sponte transferred the

case to the Federal District Court for the District of Columbia, since Washington, D.C. is both the Plaintiff's place of residence and the location of the real property at issue. Docket No. 9. The court found that "[a]lthough the complaint contains almost no facts fleshing out the claims asserted, it appears that Washington, D.C. is likely to be more convenient to any witnesses in this case, and it will likely be the location of much of the evidence in this case." *Id.*

## II.  DISCUSSION

When a litigant has filed numerous harassing or frivolous lawsuits, courts have the power to declare him a vexatious litigant and enter an order requiring that any future complaints be subject to an initial review before they are filed. District courts have the power to enter pre-filing orders against vexatious litigants under the All Writs Act. 28 U.S.C. § 1651(a); *see Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). The Ninth Circuit has cautioned, however, that "such pre-filing orders are an extreme remedy that should rarely be used" because of the danger of "tread[ing] on a litigant's due process right of access to the courts." *Id.* Nevertheless, such pre-filing orders are sometimes appropriate because "[f]lagrant abuse of the judicial process . . . enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

In *De Long*, the Ninth Circuit set out the requirements for entering pre-filing orders against vexatious litigants.

> 1. The litigant must be given notice an opportunity to be heard before the order is entered.
>
> 2. The court must compile an adequate record for review, including a list of all filings and motions leading to the conclusion that an individual is a vexatious litigant.
>
> 3. The court must make substantive findings that the litigant's filings are frivolous or harassing.
>
> 4. The pre-filing order may not be overly broad, and must be "narrowly tailored to closely fit the specific vice encountered."

*DeLong*, 912 F.2d at 1147-48. The first and second prongs are met here, as Plaintiff has been given notice and an opportunity to be heard, and the court has compiled a list of all of the actions Plaintiff filed in this district in 2012.

7

Plaintiff's response to the order to show cause shares the defects of the many complaints he has filed. He argues that the order to show cause is illegitimate because it is not mentioned in the U.S. Constitution. Docket No. 17 at 1. As the Constitution sets out a broad framework for the federal government, but does not spell out in detail the procedures of the federal courts, the mere fact that orders to show cause are not mentioned does not establish they are illegitimate. Plaintiff also argues that the order to show cause violates his Eighth Amendment rights. *Id.* at 2. The Eighth Amendment, which forbids "excessive bail," "excessive fines," and "cruel and unusual punishment," is similarly inapplicable to this situation. Plaintiff also cites to the *Haines v. Kerner*, 404 U.S. 519 (1972). While this case does hold that pro se litigants are held to "less stringent standards" than represented parties, it does not help Plaintiff, since no viable legal theory can be discerned from his response, however liberally construed. *Id.* at 520-21.

Under the third *DeLong* prong, the Court must "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1059 (9th Cir. 2007) (citations and quotation marks omitted). "An injunction cannot issue merely upon a showing of litigiousness. The plaintiff's claims must not only be numerous, but also be patently without merit." *Id.* (citations and quotation marks omitted). Here, it is clear that Plaintiff has filed a great number of frivolous lawsuits, thus satisfying this standard.

Initially, Plaintiff's complaints and other filings are often vague, confusing, or unintelligible. A number of courts dismissing Plaintiff's claims have found it difficult to discern exactly what the facts and legal theories he is asserting. Where Plaintiff's claims can be discerned, they are generally based on specious legal theories. For example, a number of his complaints have alleged violations of the Eighth Amendment but failed to allege that any of the defendants were government actors or acting under the color of state law. In other cases, he has alleged that various state and local government entities were illegitimate and should be disbanded because they are not mentioned in the U.S. Constitution. Still other complaints allege violations of unspecified "human rights," "humanitarian order," or "world order." Plaintiff has at times continued to press these theories in new cases even after they have been rejected by courts in earlier cases. *See Hurt v. American Governors*, 3:12-cv-03052-EMC (allegations that governors, mayors and Washington D.C. police

force should be disbanded because not mentioned in U.S. Constitution dismissed August 28, 2012); *Hurt v. Corporation Council Office et al*, 4:12-cv-04737-YGR (same allegations, filed September 11, 2012). Other times, he has filed cases with identical or near-identical allegations in rapid succession. *See Hurt v. United States Of America*, 4:12-cv-03142-PJH (alleging that same-sex marriage violates the Eighth Amendment, filed June 15, 2012); *Hurt v. United States of America*, 4:12-cv-03240-PJH (same, filed June 22, 2012).

Plaintiff's complaints often seem to concern sweeping allegations of societal wrongs, or specific wrongs to which he appears to have no direct personal relationship. In his complaints, Plaintiff fails to allege any facts indicating that he has standing to bring suit to redressed these alleged wrongs. Plaintiff repeatedly fails to show how he has been personally injured, and why he has standing to bring the case. For example, he offers no facts or legal theory that would allow him to assert the rights of O.J. Simpson, Trayvon Martin, or the girls who were killed Birmingham bombing of the Sixteenth Street Baptist Church. Similarly, he fails to explain how he has standing to bring complaints regarding same-sex marriage, the death penalty, and the Vietnam War.

In addition to advancing frivolous legal theories, Plaintiff's complaints often fail to name a clearly identifiable defendant, or has named defendants who are immune to suit. In the case at bar, for example, Plaintiff names as a defendant "All Sweepstakes Contests." Other suits have been filed against "American Governors" and "50 States and the City of Washington." Still other suits have been filed against former presidents, and currently sitting federal judges.

This Court thus finds that Plaintiff has filed a significant number of frivolous lawsuits in this district in the past year. He has repeatedly filed suits where there is no discernible factual basis for the substantive claim, or for his standing to bring the claim. In these suits, he has asserted a wide variety of patently meritless legal theories. Accordingly, this Court finds that Plaintiff is a vexatious litigant and that a pre-filing order is appropriate.

The fourth *DeLong* prong requires that the pre-filing order be narrowly tailored to the specific vexatious conduct exhibited by the litigant. In *DeLong*, for example, the Ninth Circuit held that requiring a vexatious litigant to obtain leave of court to file any action was overbroad where the plaintiff's misconduct had involved filing multiple meritless motions in a single legal proceeding.

9

Similarly, in *Moy v. United States*, the Ninth Circuit found overbroad an order that all suits brought by the vexatious litigant be subject to pre-filing review, even though the conduct leading to the order had concerned only one group of defendants. 906 F.2d 467, 469 (9th Cir. 1990).  The court noted that "[t]here is no evidence on this record that Moy has a general history of litigious filing." *Id.* at 471.

On the other hand, the court has approved broad pre-filing orders against vexatious litigants who have a history of filing a wide variety of frivolous actions.  In *Franklin v. Murphy*, for example, the vexatious litigant was a prisoner who had filed a number of "undeniably frivolous" actions, including "claims that his civil rights were violated by: a television announcer calling an 18-wheel truck a 14-wheeler; a prison officer over-watering the lawn; the prison's use of aluminum pans for baking desserts; and a federal regulation requiring seat-belts for automobiles but not for horses." 745 F.2d 1221, 1231 (9th Cir. 1984).  The district court entered an order limiting the plaintiff to six actions filed *in forma pauperis* per year.  *Id.* at 1232.  The Ninth Circuit affirmed this order with the added proviso that the plaintiff could file additional actions *in forma pauperis* if he first sought leave of court.  *Id.*

In a number of unpublished cases, the Ninth Circuit has approved broad pre-filing orders post *DeLong*.  For example, in *Aref v. Marder*, the court upheld an order requiring a vexatious litigant, "or any one acting on his behalf or any entity that he controls directly or indirectly" from filing any action in the Central District of California without first obtaining leave of court.  15 F.3d 1082 (9th Cir. 1994) (memorandum).  In that case, the plaintiff had filed "at least" twenty-one actions in state and federal court, eight state court appeals, eleven federal court appeals and "numerous motions in connection with several of the actions and appeals."  *Id.*  The district court had found that the plaintiff "continually act[ed] maliciously and in bad faith."  *Id.*  The court approved a similar broad pre-filing order in *Monaghan v. Trebex*, where the plaintiff's claims of a nationwide conspiracy of television personalities to threaten and harass him were " duplicative of equally fanciful allegations filed with the court in seven other cases involving many of the same defendants." 35 F. App'x 651 (9th Cir. 2002).  In *Marin v. Tarr*, the court found overbroad an order subjecting all future federal litigation brought by the vexatious litigant to prefiling review regardless

of the district in which it was brought. 83 F. App'x 946, 948 (9th Cir. 2003). The court remanded for the district court to consider "whether it should narrow the scope of the restriction to all legal matters that Marin may attempt to pursue in" that district. *Id.*

The wide range of frivolous actions Plaintiff has filed in this district makes it difficult to tailor a pre-filing order to a specific group of defendants or type of legal claim. Plaintiff's history of vexatious litigation has been broad, and thus a responsive pre-filing order must be similarly broad. Given the variety of meritless suits Plaintiff has brought, this Court finds it appropriate to subject all future lawsuits initiated by Plaintiff in this district to pre-filing review.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff is hereby **DECLARED** a vexatious litigant. The Clerk of this Court may not file or accept any further complaints filed by or on behalf of Plaintiff. If Plaintiff wishes to file a complaint, he shall provide a copy of any such complaint, a letter requesting that the complaint be filed, and a copy of this Order to the Clerk of this Court. The Clerk shall then forward the complaint, letter, and copy of this Order to the Duty Judge for a determination whether the complaint should be accepted for filing. Any violation of this Order will expose Plaintiff to a contempt hearing and appropriate sanctions, and any action filed in violation of this Order will be subject to dismissal.

IT IS SO ORDERED.

Dated: January 11, 2013

_____
EDWARD M. CHEN
United States District Judge